IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL ALVARADO | § | |
| Plaintiff, | § § § | |
| VS. | § | Case No. 4:14CV535 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF16, ASSET-BACKED CERTIFICATE, SERIES 2006-FF16 | § § § § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the First Franklin Mortgage Loan Trust 2006-FF16, Asset- Backer Certificate, Series 2006-FF16's 12(b)(6) Motion to Dismiss (Dkt. 7). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

Plaintiff Daniel Alvarado originally filed this suit in the 219th Judicial District Court of Collin County Texas on July 31, 2014. Defendant removed the action to this Court on August 13, 2014.

Plaintiff's state court petition – which has not been amended since removal – asserts a breach of contract and anticipatory breach of contract claim relating to the real property located at 1311 Clear Creek Dr., Wylie, Texas 75098 ("the Property"). Plaintiff also challenges Defendant's authority to foreclose.

1

Defendant's motion to dismiss argues that Plaintiff's state court petition fails to state a claim for breach of contract and that Plaintiff is not entitled to injunctive relief. Plaintiff has filed a response in opposition.

The deadline to amend pleadings having passed, the Court addresses Defendant's arguments regarding Plaintiff's state court petition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### *Defendant's Authority to Foreclose*

Although he does not identify it as a separate cause of action, Plaintiff argues that Defendant does not have standing to foreclose and that Defendant must be the holder of the note in order to foreclose. *See* Dkt. 2 at ¶¶ 20-21. Such an argument has been consistently rejected and cannot state a cognizable claim. In Texas, "foreclosure statutes simply do not require possession or production of the original note." *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *Sigaran v. U.S. Bank Nat. Ass'n*, 2014 WL 1688345, 3 (5th Cir. 2014) ("U.S. Bank 'need not hold the note in order to exercise its authority to foreclose.'"); *Casterline v. OneWest Bank, F.S.B.,* 537 Fed. App'x 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest.")*; Wigginton v. Bank of New York Mellon*, 488 Fed. App'x 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is

3

incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013). Any claim challenging Defendant's authority based on the premise that it does not hold the note is therefore dismissed.[1]

## *Breach of Contract*

As to his breach of contract claim, Plaintiff claims that defendant never gave him the right to cure and reinstate his note and that he was instead told to "send in financial information." Dkt. 2 at ¶23. According to Plaintiff, he was awaiting Defendant's instructions on a short sale, but the Property was instead posted for foreclosure. Plaintiff alleges that Defendant waived its right to foreclose and that Defendant's conduct of deliberately delaying and misleading Plaintiff to the point of foreclosure is unconscionable.

The Court finds that Plaintiff's allegations regarding Defendant's failures to comply with certain statutory procedural obligations embodied in a Deed of Trust regarding notice are sufficient to state a breach of contract claim. The Court notes that Defendant has attached to its motion to dismiss a January 14, 2014 Notice of Default and Notice of Intent to Accelerate addressing Plaintiff's right to cure the default. *See* Dkt. 7-3. Given the governing authority, the Court finds that consideration of this notice without giving Plaintiff the opportunity to respond would go beyond the scope of a motion to dismiss. Whether Plaintiff was given adequate notice and an opportunity to cure and whether Plaintiff defaulted on his obligation to pay – as Defendant argues in its motion – are not matters the Court finds appropriate for a motion to dismiss but are reserved for summary judgment or trial. Plaintiff has stated a breach of contract claim in his allegation that he was not

---

[1] The Court also notes that Defendant has attached to its motion a copy of the Assignment of Deed of Trust. *See* Dkt. 7-2.

4

given the right to cure and reinstate his note.

Plaintiff is cautioned, however, that, under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). And the Fifth Circuit has clearly recognized that under Texas law there is not a requirement that Plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013) ("There is no requirement that Martins receive the notice"). Further, Plaintiff should be mindful that whether he was current on his mortgage payments may also be determinative. *See, e.g. Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party"). Nonetheless, given the disfavor with which motions to dismiss are treated, and finding that any determination of this notice would be evidentiary in nature, the Court will not dismiss the breach of contract claim based on that theory.

Plaintiff is further reminded that costs will be awarded at the conclusion of this matter to the prevailing party in accordance with Federal Rule of Civil Procedure 54(d). Nonetheless, the Court allows the claim to proceed at this time.

Plaintiff also claims that "Defendant agreed that it would review the application for short sale under one of their [sic] numerous programs available and instructed Plaintiff to submit an application and financial information" and that he "was assured that the short sale application was in the process of being reviewed." Dkt. 2 at ¶14. The Court finds that Plaintiff cannot state a breach of contract claim based on an anticipated approval of a short sale application. Any unilateral or bilateral

contract modifying the underlying loan agreement was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, in order for Plaintiff to assert a breach of contract claim, any modification of the terms of payment on the underlying loan agreement must have been in writing. Because Plaintiff has not alleged that there was a written modification, Plaintiff has failed to state a claim for breach of any modification agreement.

Plaintiff has also not stated any facts regarding any promise to sign a modification agreement such that promissory estoppel would save his claims. *Martins*, 722 F.3d at 256 ("Martins alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement validating the oral agreement that would satisfy the statute of frauds."); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (lack of promise to sign a prepared document that comports with Texas's statute of frauds, which would have memorialized oral promises regarding modification was fatal to borrowers' promissory estoppel claims); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x 394, 398 (5th Cir. 2013); *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013) (when no evidence exists to establish an oral agreement to reduce an otherwise unenforceable promise to writing, in satisfaction of the statute of frauds, summary judgment with respect to an estoppel claim is proper).

The Court also finds that Plaintiff cannot base a breach of contract action on a theory that Defendant waived its right to accelerate and foreclose by entering into modification discussions. The

Deed of Trust expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy... shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 7-1 at § 12.[2] The Court finds that, given the express language of the Deed of Trust, Plaintiff cannot base a breach of contract action on this theory.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004). Plaintiff has not sufficiently stated these elements and specifically has not stated what obligations Defendant repudiated as to the underlying mortgage documents. Plaintiff has also not alleged sufficient facts in the claim that Defendant "prevented Plaintiff from performing the contract." Dkt. 2 at ¶ 24. Therefore, any claims for breach of anticipatory contract are dismissed.

Finally, the Court notes that, in his Prayer, Plaintiff seeks "statutory damages, costs, and attorney fees as provided by Tex. Fin. Code Ann. Sections 392.403 and 392.404." Dkt. 2 at p. 9. Plaintiff also argues that he "was not given proper notice" under the "Texas Debt Collection Act."

---

[2] A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Because the Deed of Trust is referred to in Plaintiff's complaint and central to his claims, the Court has considered it here.

Dkt. 2 at ¶13. Plaintiff has listed no separate claims in his petition under the Texas Debt Collection Practices Act, and this does not rise beyond conclusory allegations. No claims under the TDCA have been stated and, to the extent alleged, are dismissed.

The only claim the Court finds Plaintiff has stated is a breach of contract claim based on his argument that he was not given the right to cure and reinstate his note. All other claims are dismissed.[3]

**SO ORDERED.**

**SIGNED this 21st day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[3]Defendant also requests dismissal of Plaintiff's claim for injunctive relief. Although not specifically set forth as a request for injunctive relief, Plaintiff does appear to seek to stop any efforts to foreclose on the Property. *See* Dkt. 2 at ¶18. Because the Court finds that a breach of contract claim has been stated, it will not dismiss any injunctive relief at this time.